**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **PACIFIC BIOSCIENCE LABORATORIES, INC. a Washington Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**NUTRA LUXE MD, LLC a Florida Limited Liability Company,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff Pacific Bioscience Laboratories, Inc., through its attorneys Faegre & Benson, LLP, submits this Complaint in the action for patent infringement, and for its complaint against Defendant Nutra Luxe MD, LLC ("Nutra Luxe"), states as follows:

**PARTIES**

1. Plaintiff Pacific Bioscience Laboratories, Inc., is a Washington corporation having its principal place of business at 13222 SE 30th Street #A1 Bellevue, WA 98005.

2. Pacific Bioscience Laboratories is in the business of developing and marketing technically advanced skin care products, including the Clarisonic skin care system.

3. On information and belief, Nutra Luxe is a Florida Corporation with its principal place of business at 6835 International Center Blvd., Suite 5, Ft. Meyers, Florida 33912.

4. On information and belief, Nutra Luxe is in the business of manufacturing and selling skin care products and power assisted personal care facial devices. On information and belief, Nutra Luxe markets and distributes its products internationally, including in the United States, through its own website, as well as various retail companies, retail stores, and third-party websites. On information and belief, Nutra Luxe does business in the Western District of Washington, and has offered to sell and has sold its products in this district.

### JURISDICTION AND VENUE

5. This case arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

6. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

7. On information and belief, Nutra Luxe purposefully directs its activities toward this forum. Nuta Luxe markets, offers to sell, sells and distributes infringing products, as described below, throughout the United States, including the Western District of Washington.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), (c), and 28 U.S.C. § 1400(b).

### GENERAL ALLEGATIONS

9. After significant research and experimentation, Plaintiff Pacific Bioscience Laboratories invented devices and methods for treatment of early stage acne and for the effective cleansing of skin. These devices and methods employ motion and forces at sonic frequencies to cleanse, soften and smooth skin. The cleansing is gentle, yet more effective than manual cleansing. It alleviates clogged pores and removes debris from the skin more gently and effectively than other alternatives.

10. This research and development culminated in several patent applications, and on January 22, 2008, the United States Patent and Trademark Office issued Patent Number 7,320,691 (the "'691 Patent"). A copy of the '691 Patent is attached as Exhibit 1.

11. The '691 Patent was assigned by the inventors to Pacific Bioscience Laboratories, Inc., on January 13, 2003.

12. Put simply, the '691 Patent claims devices for treatment of acne and for treatment and/or cleansing of skin. The '691 Patent covers devices that contact the skin, and that move in a way that unclogs pores and cleanse the skin. One way a device may achieve the necessary skin movement is by moving the element that contacts the skin (for example, a brush) back and forth at approximately 80–200 Hertz (cycles per second), at a particular amplitude that causes desirable forces on the skin without stretching or otherwise damaging the skin. This movement on the skin has the effect of unclogging pores and cleansing the skin.

### CLAIM FOR PATENT INFRINGEMENT AGAINST NUTRA LUXE MD

13. Nutra Luxe markets and sells the Nutra Sonic Face and Body Brush System (the "Nutra Sonic").

14. Nutra Luxe markets and sells its infringing products on its website, at http://www.nutraluxemd.com/nutra_sonic.html. On information and belief, Nutra Luxe has made sales and deliveries to customers in the Western District of Washington. On information and belief, Nutra Luxe also markets the Nutra Sonic device through other third-party resellers.

15. The Nutra Sonic packaging claims that the device "Helps Reduce Acne" and "Removes Blackheads."

16. The Nutra Sonic has a circular brush. The brush head has bristles, bristle tufts, and rows of bristle tufts that contact a user's skin. The Nutra Sonic also has an assembly that moves the brush head (including the bristles, bristle tufts, and rows of bristle tufts) back and forth. When a row of bristles moves the skin back and forth, it causes the skin directly underlying the row of bristles to also move back and forth. The skin resists this motion; therefore, the device produces tension, compression, and shear forces in the skin. These forces have the effect of unclogging pores and cleansing the skin.

17. The Nutra Sonic device causes its brush head to move within a frequency range claimed by the '691 Patent. Moreover, the brush bristles have characteristics claimed by the '691 Patent, and move at an amplitude claimed by the '691 Patent.

18. On information and belief, the Nutra Sonic device is manufactured, in whole or in part, in China, and then imported, in whole or in part, into the United States.

19. From a time not yet known, Nutra Luxe, without a license or any other right recognized by law, has infringed one or more claims of the '691 Patent.

20. Nutra Luxe's infringing activities include the manufacture, use, sale, offer for sale, and/or importation into the United States of the Nutra Sonic device, which is covered by the '691 Patent.

21. On information and belief, Nutra Luxe also markets and sells the Nutra Sonic device through third-party resellers, including numerous online resellers.

22. Nutra Luxe's infringing activities may also include: actively inducing the manufacture, use, sale, offer for sale, and/or importation into the United States of the Nutra Sonic device, which is covered by the '691 Patent; and contributing to the manufacture, use, sale, offer for sale, and/or importation into the United States of the Nutra Sonic device, which is covered by the '691 Patent.

### IRREPARABLE HARM & DAMAGES

23. Nutra Luxe's infringement of the '691 Patent has caused and will continue to cause Pacific Bioscience Laboratories substantial and irreparable injury, for which Pacific Bioscience Laboratories is entitled to all of the relief provided by 35 U.S.C. §§ 281, 283, 284 & 285, including but not limited to injunctive relief, compensatory damages not less than the amount of reasonable royalty, interest, costs, enhanced damages, and reasonable attorneys fees as the court deems appropriate.

### DEMAND FOR JURY TRIAL

24. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pacific Bioscience Laboratories, Inc., prays that this Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

A. Find that Nutra Luxe has infringed and is infringing the claims of the '691 Patent;

B. Award Pacific Bioscience Laboratories its compensatory damages resulting from Nutra Luxe's infringement, together with interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

C. Issue an injunction enjoining Nutra Luxe, its employees, agents, and all others acting in concert with Nutra Luxe from further infringement of the claims of the '691 Patent, as provided by 35 U.S.C. § 283; and

D. Grant such other and further relief as the court may find just and proper, including reasonable attorneys fees where appropriate.

Dated: February 8, 2010

FAEGRE & BENSON LLP

 s/Marc Levy
Natalie Hanlon-Leh (Pro Hac Vice Application Pending)
Marc Levy (Wash. Bar No. 19203)
Mary V. Sooter (Pro Hac Vice Application Pending)
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203-4532 USA
Telephone:  303.607.3500
Facsimile:  303.607.3600
nhanlonleh@faegre.com
mlevy@faegre.com
msooter@faegre.com

ATTORNEYS FOR PLAINTIFF