1

THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9   PACIFIC BIOSCIENCE LABORATORIES,      )
    INC. a Washington Corporation         )
10                                        )   No. 2:10-cv-00230-JLR
                                          )
11                         Plaintiff,     )   **DEFENDANT'S MOTION TO STAY**
         v.                               )
                                          )   **NOTED FOR CONSIDERATION:**
12                                        )   **NOVEMBER 19, 2010**
    NUTRA LUXE MD, LLC a Florida Limited  )
13  Liability Company,                    )
                                          )
14                         Defendant.     )
                                          )
15  _____

16          Defendant Nutra Luxe MD, LLC ("Nutra Luxe") moves this Court to stay these

17  proceedings pending the conclusion of the reexamination of United States Patent No.

18  7,320,691, the patent-in-suit, which was ordered by the United States Patent and Trademark

19  Office ("USPTO").  On September 30, 2010, the USPTO issued an Order Granting Request

20  for Ex Parte Reexamination ("Order") in which the USPTO granted Pretika Corporation's

21  request to reexamine numerous claims of United States Patent No. 7,320,691 ("the '691

22  patent") in light of prior art that had neither been cited to nor considered by the USPTO.  *See*

23  Order, attached as Exhibit A to the Declaration of Jeffrey Weiss ("Weiss Declaration"), filed

24  concurrently herewith.[1]  Pretika is the Defendant in Case No. 2:10-cv-00231, another action

25  _____

26  [1] As noted previously (see Doc. 23), Nutra Luxe has also filed a request for reexamination with respect to the
    '691 Patent, which has not yet elicited a decision by the USPTO.

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 1

**WEISS & MOY, P.C.**
4204 N. BROWN AVE.
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

124887.0001/1912608.1

filed by Pacific Bioscience Laboratories, Inc. that is pending in this Court based on the '691 Patent, and which has a coordinated Markman schedule with this action.

 As explained in the Order, the USPTO found that the never-before cited prior art created substantial new questions of patentability.  All of the claims that have been asserted against Nutra Luxe in this litigation are encompassed by the Order.  To conserve both judicial resources and resources of the parties, Nutra Luxe hereby moves to stay this litigation pending the ordered reexamination.

This motion is supported by the aforementioned Declaration of Jeffrey Weiss and the exhibits appended to that declaration.

## I.   STATEMENT OF FACTS

Nutra Luxe is a Florida corporation that engages in the business of developing and selling personal care products, including power-assisted personal care facial devices.  One of Nutra Luxe's products is the Nutra Sonic Face and Body Brush System ("Nutra Sonic System").  Nutra Luxe's product helps to diminish fine lines and wrinkles, reduce pore size, eliminate oily skin, prevent blemishes, and remove dead skin cells.  *See* Weiss Declaration, ¶ 3.

Pacific Biosciences Laboratories, Inc. ("PBL") brought this action against Nutra Luxe claiming that Nutra Luxe's manufacture, use, sales, and importation of the Nutra Sonic System infringe United States Patent Number 7,320,691 ("the '691 Patent").  PBL has also asserted the '691 Patent against Pretika, with respect to a product called the SonicDermabrasion Facial Brush.  The '691 Patent is directed to a device for the treatment of early state acne that concerns mechanical and/or acoustic devices for applying energy to the skin in the vicinity of the early state acne lesion, i.e., the sebaceous plug.  The '691 patent describes a device incorporating a rotary brush, much like electric toothbrushes that have been sold for a number of years.  *See id.*

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 2

1        Figure 21 from the embodiment claimed in the '691 Patent is reproduced below:



10        The application that issued as the '691 patent was filed on January 15, 2003.  At that

11 time, oscillating brushes were commonly used for toothbrushes and for either cleansing or

12 massaging skin.  For example, U.S. Patent No. 3,968,789 ("Simoncini patent"), which issued

13 on July 13, 1976, disclosed a brush apparatus for cosmetic or curative treatment of the skin.

14 *See* Weiss Declaration, Exhibit B.  Similarly, U.S. Patent No. 6,170,108 ("Knight patent"),

15 which issued on January 9, 2001, disclosed an electric scrub brush having an enhanced

16 cleaning action to various portions of the back.  *See* Weiss Declaration, Exhibit C.  In

17 addition, U.S. Patent No. 5,647,841 ("Groenewold patent"), which issued on July 15, 1997,

18 teaches a skin treatment appliance having multiple adjacent circular brushes that create a

19 kneading effect on the skin to perform both cosmetic and medical treatments.  *See* Weiss

20 Declaration, Exhibit D.   Representative figures from the Simoncini, Knight, and Groenewold

21 patents are reproduced below:

22

23

24

25

26

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 3

**WEISS & MOY, P.C.**
4204 N. BROWN AVE,
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

1  Simoncini patent:

2

3

4

5

6

7  

8

9

10

11

12

13  Knight patent:

14

15

16

17  

18

19

20  FIG. 1

21

22

23

24

25

26

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 4

**WEISS & MOY, P.C.**
4204 N. BROWN AVE.
SCOTTSDALE, ARIZONA 85251
480-994-8888 FAX: 480-947-2663

124887.0001/1912608.1

Groenewold patent:



FIGURE I

Before they filed the patent application that issued as the '691 Patent, at least one of the named inventors as well as the patent attorney prosecuting the '691 Patent each had knowledge of the Simoncini patent.  On May 10, 1994, the USPTO issued U.S. Patent No. 5,309,590 ("'590 Patent"), which describes and claims a vibrating toothbrush.  *See* Weiss Declaration, Exhibit E.  David Guiliani is one of the named inventors in the '590 Patent and the application that issued as the '590 Patent was prosecuted by Clark Puntingam.  *See id*.  The Simoncini patent was cited as prior art during prosecution of the application that issued as the '590 Patent, and is therefore listed as prior art on the face of the '590 Patent.  Therefore, it is clear that both Guiliani and Puntingam were aware of the Simoncini patent during prosecution of the application that eventually issued as the '590 Patent.

Despite having knowledge of the Simoncini patent, PBL, Guiliani, and Puntigam never cited the Simoncini patent to the USPTO during prosecution of the application that ultimately issued as the '691 patent -- or, for that matter, did they disclose Guiliani's '590 Patent..  Guiliani is a named inventor on both the '590 Patent and the '691 Patent.  Similarly, Puntingam prosecuted both the application that issued as the '590 Patent and the application that issued as the '691 patent.  Yet, despite the duty of disclosure imposed by 37 C.F.R. § 1.56, the Simoncini patent was not cited during prosecution of the '691 patent.  *See Avid Identification Sys., Inc. v. The Crystal Import Corp.*, 603 F.3d 967 (Fed. Cir. 2010).

Because the relevant prior art scrub or massage brushes were not before the examiner, the examiner considered only dissimilar prior art that included rotary toothbrushes, suction

WEISS & MOY, P.C.
4204 N. BROWN AVE,
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

1  type acne treatments, and shaving devices.  *See* Weiss Declaration, Exhibits F, G, H, and I

2  (U.S. Patent No. 6,343,396 to Simovitz, U.S. Patent No. 5,624,416 to Schatz, U.S. Patent No.

3  3,756,105 to Balamuth, and U.S. Patent No. 3,750,279 to Cobarg).  The dissimilarity of these

4  devices can be easily seen when comparing diagrams from the Schatz and Simovitz patents to

5  Figure 21 of the '691 patent.

6      Schatz patent:



FIG.3                    FIG.5

16      Simovitz patent:



Fig. 2

WEISS & MOY, P.C.
4204 N. BROWN AVE,
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

1    Because of the dissimilarity between the prior art considered during prosecution of the

2    application that issued as the '691 patent and the Simoncini, Knight, and Groenewold patents,

3    the Examiner concluded that  substantial new questions of patentability were created by the

4    previously uncited and unconsidered prior art and issued the Order granting Pretika's request

5    for reexamination.  With respect to each of the Simoncini patent, the Knight patent, and the

6    Groenewold patent, the Examiner concluded that "[t]he teachings identified above were not

7    present in the prosecution of the application which became U.S. Patent No. 7,320,691."  *Id.* at

8    6 (with respect to Simoncini patent); 7 (with respect to Knight patent); 8 (with respect to

9    Groenewold patent).  Because of the Examiner's finding that the previously uncited and

10    unconsidered prior art creates substantial new questions of patentability as to multiple claims

11    of the '691 patent and to conserve judicial resources and resources of the parties, Nutra Luxe

12    respectfully requests that this Court stay this matter pending resolution of the reexamination

13    by the USPTO.

14

15                                **II.    ARGUMENT**

16    The purpose a reexamination is to allow the USPTO "to review the efficacy of a

17    patent, subsequent to its issuance, on the basis of new information about preexisting

18    technology which may have escaped review *at the time of the initial examination of the patent*

19    *application . . . ." In re Swanson* 540 F.3d 1368, 1377 (Fed. Cir. 2008) (quoting U.S. Code

20    Cong. & Admin. News 1980, pp. 6460, 6462, 6466) (emphasis added in Federal Circuit's

21    opinion).  Reexamination "increases the reliability of the USPTO's action in issuing a patent

22    by reexamination of patents thought 'doubtful.'" *In re Etter*, 756 F.2d 852, 856 (Fed. Cir.

23    1985) (citing House Report No. 66-1307, 96th Cong., 2d Sess. (1980)).  "The intent

24    underlying reexamination is to 'start over' in the USPTO with respect to the limited

25    examination areas involved, and to reexamine the claims. . . . Reexamination is thus neutral,

26    the patentee and the public having an equal interest in the issuance and maintenance of valid

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 7

patents." *Id*. at 857.  Here, a stay will increase the reliability of the USPTO's determination relating to the '691 patent by allowing the USPTO to reexamine the claims and to determine if they are novel and unobvious in view of the previously uncited and unconsidered Simoncini, Knight, and Groenewold patents.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a USPTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings," *ASCII Corp. v. STD Enm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994), because reexamination "could settle validity disputes more quickly and less expensively than the often protracted litigation involved in such cases." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985) (citing *Patent Reexamination: Hearings on S. 1679 Before the Comm. on the Judiciary*, 96th Cong., 1st Sess. 1 (1979)).  Furthermore, staying a case pending the resolution of a patent reexamination has a number of benefits "including streamlining the case, simplifying or eliminating remaining issues, promoting settlement, alleviating discovery problems, providing the Court with the USPTO's expert review of prior art, and reducing the length and expense of litigation."  *JAB Distribs., LLC v. London Luxury, LLC*, No. 09C5831, 2010 WL 1882010, *2 (N.D. Ill. May 11, 2010).

In determining whether to grant a stay, courts generally consider three factors: (1) whether a stay will simplify the issues in question and the trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *See Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, *2 (W.D. Wash. Feb. 9, 2009).  All three factors weigh in favor of granting a stay of these proceedings.

**A.    A Stay Will Simplify the Issues and Trial of the Case**

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 8

**WEISS & MOY, P.C.**
4204 N. BROWN AVE.
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

124887.0001/1912608.1

1    "Granting a stay 'allow[s] [for] the reexamination of patent validity in an impartial

2    forum at almost 100 times less cost to the parties by people trained to understand the

3    technologies described in the patents.'"  *See id.* (alteration in original) (citing *Canady v. Erbe*

4    *Elektromedizin, GmbH,* 271 F.Supp.2d 64, 68 (D.D.C. 2002)).   A stay would allow the

5    USPTO to resolve any new questions of patentability and "eliminate[s] trial of that issue

6    (when the claim is canceled) or [] facilitate[s] trial of that issue by providing the district court

7    with the expert view of the USPTO (when a claim survives the reexamination proceeding)."

8    *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983).

9        A stay is warranted in this case to simplify the issues before litigation.  An Examiner

10   having knowledge of the art under consideration at the USPTO has explicitly found that the

11   previously uncited and unconsidered Simoncini, Knight, and Groenewold patents create

12   substantial new questions of patentability of numerous claims of the '691 patent.  *See* Weiss

13   Declaration, Exhibit A.  Based on a well-reasoned review of this prior art, the Examiner

14   concluded that "there is a substantial likelihood that a reasonable examiner would consider

15   these teachings [of the Simoncini, Knight, and Groenewold patents] important in deciding

16   whether or not the claim[s] [are] patentable."  *Id.* at 6-9.  Statistics published by the USPTO

17   concerning reexaminations show that in over 75 percent of the cases in which reexamination

18   requests are granted, claims are either changed or cancelled.  *See* Weiss Declaration, Exhibit

19   J.  Because it is highly likely that the USPTO will change or cancel some or all of the claims

20   of the '691 patent claim, this factor of the analysis weighs in favor of a stay.  *See Aten Int'l*

21   *Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV09-0843, 2010 WL 1462110 at *7 (C.D. Cal.

22   April 12, 2010) ("Because 92% of patents being reexamined change in some way . . . the

23   Court risks enabling futile litigation that may have to be repeated if the patent changes.")

24   (citing USPTO Reexamination Filing Data).

25        If Nutra Luxe is required to defend against PBL's assertion of the '691 patent, both

26   Nutra Luxe and PBL will be involved in expensive and protracted litigation.  The costs of

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 9

**WEISS & MOY, P.C.**
4204 N. BROWN AVE,
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

1   taking a patent case through trial are substantial to each party. *See* Weiss Declaration, Exhibit

2   K (statistics published by the American Intellectual Property Law Association). Staying the

3   case until conclusion of proceedings at the USPTO may eliminate these costs to both PBL and

4   Nutra Luxe or substantially reduce the costs to both parties by narrowing the issues.

5   Elimination or narrowing of the issues that is likely to result from reexamination will also

6   foster judicial economy. *See In re Baker Hughes Inc.*, 215 F.3d 1297, 1302 (Fed. Cir. 2000)

7   ("[P]atents should be reexamined when a substantial question of patentability is raised.").

8   **B.      Discovery Has Just Begun**

9         In this case, a stay pending the outcome of reexamination proceedings is "a sound

10   means by which the court may facilitate resolution of this action." because the parties are in

11   the initial stages of the lawsuit and have taken only minimal discovery. *See ASCII Corp.*, 844

12   F. Supp. at 1381. No depositions have been scheduled. "[T]he stage of litigation weighs in

13   favor of entering a stay to allow the USPTO to use their expertise to determine the affects of

14   the submitted prior art on the subject patents." *See Pactool Int'l Ltd. v. Dewalt Indus. Tool

15   Co.*, No. C06-5367BHS, 2008 WL 312677, *1 (W.D. Wash. Feb. 1, 2008); *see also Aten*,

16   2010 WL 1462110 at *7 (granting stay pending reexamination when case was in its early

17   stages). If the present matter continues and discovery ensues, both parties may expend much

18   time and effort litigating claims that may eventually be found to be invalid.

19   **C.      A Stay in these Proceedings Will Not Unduly Prejudice PBL**

20         PBL will not be unduly prejudiced if these proceedings are stayed pending the results

21   of reexamination. *See Pactool*, 2008 WL 312677 at *2. As acknowledged by the Examiner,

22   the prior art cited in the Reexamination Request—which was not previously cited to or

23   considered by the USPTO—raises substantial new questions of patentability. (Certainly, with

24   respect to the Simonicini reference, PBL's failure to disclose during the prosecution of the

25   '691 Patent should also be considered in weighing any claim of prejudice by PBL now.)

26

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 10

1  "[P]rudence counsels in favor of staying the instant matter to allow the USPTO to apply their

2  expertise to resolve the patentablity questions raised."  *See id.* at *2.

3         Any delay caused by the stay will be minimal.  As the Examiner noted in her Order,

4  the reexamination "will be conducted with special dispatch."  Weiss Declaration, Exhibit A;

5  *see also* 35 U.S.C. § 305.  "[T]he PTO itself has interpreted special dispatch to require that

6  'reexamination proceedings will be 'special' throughout their pendency' in the office, and

7  provides for an accelerated schedule."  *Ethicon*, 849 F.2d at 1426.  Moreover, USPTO rules

8  require that reexamination of patents involved in litigation "will have priority over all other

9  cases."  MPEP § 2261.  Further, because PBL will be the only party ultimately involved in the

10  *ex parte* proceeding, it can speed the reexamination process by promptly responding to Office

11  Actions.  For example, PBL can speed the reexamination process at the outset by promptly

12  either waiving its right to file a Patent Owner Statement or by filing such statement sooner

13  than the two months allowed by the Order.  *See* Weiss Declaration, Exibit A at 2.  In any

14  event, any delay caused by a stay pending reexamination is outweighed by the public policy

15  of encouraging use of reexamination proceedings to reduce the cost and time spent litigating

16  claims that may ultimately be found to be invalid.  *See Pactool*, 2008 U.S. WL 312677 at *1

17  ("Congress instituted the reexamination process to utilize the USPTO's specialized expertise

18  to reduce costly and time consuming litigation.").

19

20

21

22

23

24

25

26

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 11

**WEISS & MOY, P.C.**
4204 N. BROWN AVE,
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

124887.0001/1912608.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.  CONCLUSION

For the foregoing reasons, Nutra Luxe respectfully requests that the Court stay the current proceedings pending the outcome of the current reexamination proceedings ordered by the USPTO in response to the Reexamination Request.

WEISS & MOY, P.C.

Dated: October 29, 2010

By s/ Jeffrey Weiss
Jeffrey Weiss (Pro Hac Vice)
Aaron Fong (Wash Bar No. 38,255)
4204 N. Brown Avenue
Scottsdale, Arizona 85251
Tel:  (480) 994-8888
Fax:  (480) 947-2663
jweiss@weissiplaw.com
afong@weissiplaw.com

Attorney for Defendant
Nutra-Luxe, MD

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 12

WEISS & MOY, P.C.
4204 N. BROWN AVE,
SCOTTSDALE, ARIZONA  85251
480-994-8888 FAX: 480-947-2663

1

## CERTIFICATE OF SERVICE

2

        The undersigned certifies that on October 29, 2010, the foregoing instrument was

3

electronically filed with the Court using the CM/ECF system, which will send notification of
the filing to all counsel of record.

4

Dated this 29th day of October, 2010.

5

**WEISS & MOY, P.C.**

6

7

        s/ Jeffrey Weiss
_____
Jeffrey Weiss (Pro Hac Vice)

8

Aaron Fong (Wash Bar No. 38,255)

9

4204 N. Brown Avenue
Scottsdale, Arizona 85251

10

Tel:  (480) 994-8888
Fax:  (480) 947-2663

11

jweiss@weissiplaw.com
afong@weissiplaw.com

12

13

Attorneys for Defendant

14

Nutra Luxe MD, LLC

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S MOTION TO STAY AND
MEMORANDUM IN SUPPORT - 13

124887.0001/1912608.1