UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC BIOSCIENCE LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NUTRA LUXE MD, LLC, <br><br> Defendant. | CASE NO. C10-0230JLR <br><br> ORDER GRANTING MOTION TO STAY |

## I.   INTRODUCTION

This matter is before the court on Defendant Nutra Luxe MD, LLC's ("Nutra Luxe") motion to stay this litigation pending the *ex parte* reexamination of numerous claims of United States Patent No. 7,320,691 ("the '691 patent") by the United States Patent and Trademark Office ("USPTO").  (Mot. (Dkt. # 29).)  The court has considered Nutra Luxe's motion, all submissions filed in support of and opposition to the motion, as well as the pleadings on file.  The court also heard the argument of counsel on January 7,

ORDER- 1

2011. For the reasons stated below, the court GRANTS Nutra Luxe's motion for a stay (Dkt. # 29).

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is a patent infringement case. Plaintiff Pacific Bioscience Laboratories, Inc. ("PBL") develops and markets sonic facial brush devices under its Clarisonic line of products. (Resp. (Dkt. # 34) at 2). Nutra Luxe markets and sells an allegedly competing device known as the Nutra Sonic Face and Body Brush System. (*See* Mot. (Dkt. # 29) at 2.) PBL alleges that Nutra Luxe's Face and Body Brush System infringes its '691 patent. (Compl. (Dkt. # 1) at ¶¶ 13-22.)

The application that ultimately issued as the '691 patent was filed on January 15, 2003. (Mot. at 3.) On January 22, 2008, the USPTO issued the '691 patent, which has been assigned to PBL. (Compl. at ¶ 10.) PBL asserts that sometime in 2009 Nutra Luxe emerged on the marketplace with its allegedly competing product. (Resp. (Dkt. # 31) at 3.) On February 8, 2010, PBL filed suit for patent infringement against Nutra Luxe. (*See* Compl.) PBL did not serve its complaint on Nutra Luxe until March 11, 2010. (Affid. of Serv. (Dkt. # 8).)

In addition to Nutra Luxe, PBL also filed a patent infringement lawsuit against another defendant, Pretika Corporation ("Pretika"), on February 8, 2010. *See Pacific Bioscience Laboratories, Inc. v. Pretika Corporation*, No. C10-0231JLR (W.D. Wash., filed Feb. 8, 2010). Pretika applied for *ex parte* reexamination of all the claims of the '691 patent at issue in that lawsuit, which the USPTO granted on September 30, 2010. In its order granting Pretika's reexamination request, the USPTO found that prior art that

1 had never been cited to or considered by the USPTO during the prosecution of the
2 original patent application at issue here raised a substantial new question of patentability.
3 This USPTO's order granting reexamination of the '691 patent does not cover all of the
4 patent claims asserted in this lawsuit, but rather only 23 of the 31 asserted claims. (Resp.
5 at 4-5.)

6      Nutra Luxe also has submitted its own application for reexamination of the '691
7 patent. If granted by the USPTO, the reexamination requested by Nutra Luxe would
8 cover all of the claims of the '691 patent. (Reply (Dkt. # 34) at 3, 4.) Nutra Luxe
9 initially submitted a reexamination request on August 4, 2010. The USPTO rejected that
10 request on August 18, 2010, and again on August 30, 2010, for failure to comply with
11 certain requirements of USPTO regulations. (Johnson Decl. (Dkt. # 35) ¶¶ 2-5.)
12 Nevertheless, the USPTO invited Nutra Luxe to file a new reexamination request which
13 included the missing information that had been identified by the USPTO. (*Id.* at ¶ 5.) On
14 November 19, 2010, Nutra Luxe submitted a new reexamination request with regard to
15 the '691 patent, which seeks reexamination of every claim in the '691 patent, and is
16 presently pending before the USPTO. (*Id.* at ¶¶ 6-7.)

17      The parties have engaged in some, but not extensive discovery. No party has
18 scheduled any depositions. (Mot. at 10.) The *Markman* hearing has not yet been
19 conducted, and no briefing related to the hearing has been filed. The trial is not set to
20 commence until October 24, 2011. (*See* Sched. Order (Dkt. # 18).)

21

22

## III. ANALYSIS

A district court has the discretion to stay judicial proceedings pending reexamination of a patent by the USPTO. *See Amado v. Microsoft Corp.,* 517 F.3d 1353, 1358 (Fed. Cir. 2008); *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In determining whether to grant a stay pending reexamination, the court considers: (1) whether a stay will simplify the issues in question and the trial of the case, (2) whether discovery is complete and whether a trial date has already been set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Wre-Hol, LLC v. Pharos Science & Applications,* No. C09-1642 MJP, 2010 WL 2985685, at *2 (W.D. Wash. July 23, 2010).

### A. Simplification of the Issues

Nutra Luxe asserts that, based on the strength of the prior art, there exists a high likelihood that the USPTO will cancel or significantly amend the claims at issue in the '691 patent. (*See* Mot. at 9.) Nutra Luxe also cites statistics published by the USPTO which demonstrate that in over 75% of cases in which reexamination requests are granted, claims are either changed or cancelled. (*Id.* (citing Weiss Decl. (Dkt. # 30) Ex. J.) Nutra Luxe argues that because it is likely that at least some of the claims at issue here will be cancelled or amended, the simplification factor weighs in favor of a stay. In response, PBL asserts that to satisfy this factor the outcome of a reexamination must finally resolve all issues in the litigation. (Resp. at 9.) Therefore, in PBL's view, a stay is not warranted because "[t]here is a nearly one-in-four chance that all of the claims of the '691 patent will emerge from reexamination unchanged," and an only 12% chance

ORDER- 4

1  that all of the claims will be cancelled. (*Id.* (citing Harlow Decl. (Dkt. # 36) Ex. H).)

2  Further, as noted above, at this point in time, not all the claims of the '691 patent at issue

3  here will be subject to reexamination before the USPTO, and therefore, there is no

4  possibility that the reexamination will resolve all of the issues in this litigation.  Because

5  only 23 of the 31 asserted claims are being reexamined, at least eight of the claims will

6  necessarily survive reexamination intact.  (Resp. at 6.)

7        First, the court rejects PBL's assertion that satisfaction of the simplification factor

8  requires the elimination of all issues in the litigation.[1]  If PBL's position were correct,

9  then based on the statistics PBL cites, this factor could never be satisfied, and that reality

10 is not reflected in the case law.  Stays have been granted in numerous cases where

11 reexamination would likely simplify, but not eliminate, all issues in the litigation.  *See*

12 *e.g. Implicit Networks, Inc. v. Advanced Micro Devices, Inc.,* No. C08-184JLR, 2009 WL

13 357902, at *2 (W.D. Wash. Feb. 9, 2009) ("Based solely on the statistics, [Plaintiff] is

14 right that there is a low likelihood that all claims will be cancelled; however, it ignores

15 the greater than 50% chance that there will be some claim modification."); *Brass Smith,*

16 *LLC v. Advanced Design Mfg. LLC,* No. CV 10-4945 PSG (FFMx), 2010 WL 5363808,

---

[1] In support of its position, BPL cites *Yodlee, Inc. v. Ablaise Ltd,* No. C-06-07222 SBA, 2009 WL 112857, at *4 (N.D. Cal. Jan. 16, 2009).  (Resp. at 9.)  The court first notes that California federal district court authority is not binding here.  Further, cases relying on *Yodlee* or similar authority have been distinguished on grounds that they involve claims unrelated to patent infringement that would need to be tried regardless of the USPTO's reexamination decision or because the USPTO had previously confirmed the majority of claims at issue.  *See Network Appliance, Inc. v. Sun Microsystems, Inc.,* No. C-07-06053 EDL, 2010 WL 545855, at *3 (N.D. Cal. Feb. 11, 2010).  These circumstances are not present here.  However, to the extent *Yodlee* stands for the broad proposition advocated by PBL, the court finds that it is not within the mainstream of federal authority which looks to a mere simplification of the case and not to final resolution of all issues.  *See infra* § III. A. at 5-6 (citing cases).

at *1 (C.D. Cal. Dec. 20, 2010) ("Cancellation of some . . . of the claims would obviously streamline . . . the litigation."); *Interplast Group, Ltd. v. Coroplast, Inc.,* No. 4:08-CV-1413 CAS, 2009 WL 1774313, at *2 (E.D. Mo. June 23, 2009) ("The Court believes that a stay will simplify the issues and facilitate trial of the case, even though not all of the issues raised in [the defendant's] counterclaims can be raised in the reexamination process."); *Constellation IP, LLC v. The Allstate Corp.,* No. 5:07-CV-132 (LED), 2008 WL 4787625, at *3 (E.D. Tex. May 12, 2008) ("As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation.") (citing *Gould v. Control Laser Corp.,* 705 F.2d 1340 (Fed. Cir. 1983)).

Because there is a greater than 75% chance that some of the claims under reexamination will emerge either changed or cancelled (*see* Weiss Decl. Ex. J), even if not all the patent claims at issue here are presently slated for reexamination, it is still likely that at least some of the 23 claims under reexamination will be altered or cancelled. Further, Nutra Luxe has submitted another request to the USPTO seeking reexamination of all of the claims of the '691 patent. (*See generally* Johnson Decl.) Thus, if the court were to allow the case to proceed, there is a substantial risk that both the court and the parties will needlessly expend valuable resources in determining the validity of patent claims that may be ultimately cancelled or amended by the USPTO. *See Implicit Networks, Inc. v. Advanced Micro Devices, Inc.,* No. C08-184JLR, 2009 WL 357902, at *2 (W.D. Wash. Feb. 9, 2009); *Aten Int'l Co., Ltd. V. Emine Tech. Co., Ltd.,* No. SACV09-0843, 2010 WL 1462110, at *7 (C.D. Cal. Apr. 12, 2010) ("Because [the vast

majority] of patents being reexamined change in some way . . . the Court risks enabling futile litigation that may have to be repeated if the patent changes."). Even if some or all of the claims are confirmed or are not reexamined, the court would still have the benefit of the USPTO's analysis of the disputed claim terms in ruling on claim construction. *See SKF Condition Monitoring, Inc. v. SAT Corp.,* 2008 WL 706851, at *7 (S.D. Cal. Feb. 27, 2008) (the USPTO's "expert evaluation" and "understanding of the claims" is "also likely to aid this Court in the preliminary process of claim construction"). The reexamination will have a significant impact on the issues in this case, regardless of outcome, and thus the court finds that this factor weighs in favor of granting the stay.

PBL nevertheless asserts that a stay would not simplify the issues because if the *ex parte* reexamination confirms the '691 patent claims, Nutra Luxe will still be allowed to raise the same patent invalidity arguments again in this litigation – obtaining a proverbial second bite of the apple. (Resp. at 10.) PBL is correct in this regard.[2] Nevertheless,

---

[2] In an *inter partes* proceeding, a third-party that requests reexamination can file written comments with the USPTO addressing the patent owner's arguments. 35 U.S.C. § 314(b)(2); *see also Wabco Holdings, Inc. v. Bendix Commercial Vehicle Systems, LLC,* No. 09-3179 (DMC), 2010 WL 2628335, at *2 (D.N.J. June 28, 2010). As a result, the third-party in an *inter partes* proceeding is estopped from asserting, in a later civil action, the invalidity of any of the claims that the USPTO deems valid. 35 U.S.C. § 315(c). However, in an *ex parte* proceeding a third party is not allowed to present its side of the case; only the patent holder is involved in the proceeding. *Wabco Holdings,* 2010 WL 2628335, at *2; *see* 35 U.S.C. § 305. Therefore, a defendant is not estopped from challenging patent validity in a future civil action following an *ex parte* reexamination. *Wabco Holdings,* 2010 WL 2628335, at *2. "If Congress had thought that a third-party requester in an *ex parte* reexamination would receive two bites of the apple by being allowed to assert invalidity arguments in a later patent infringement suit, then it could have estopped the party in the same way that it does for *inter partes* reexaminations. Congress chose not to." *Wabco Holdings,* 2010 WL 2628335, at *2. Instead, "Congress countenanced a scheme in which a patent's validity may come under attack in both a courtroom and the [US]PTO."

although the ability to litigate patent invalidity once the stay is lifted does reduce the potential for simplification, the benefits of simplification still accrue for any claims that the USPTO cancels or amends, *Heraeus Electro-Nite Co. v. Vesuvius USA Corp.,* No. 09-2417, 2010 WL 181375, at * 2 (E.D. Pa. Jan. 11, 2010), and PBL ignores the statistics that significantly favor this outcome with regard to at least some of the claims. Further, the cancellation or amendment of the some of the claims may also alter or have a simplifying effect on Nutra Luxe's invalidity assertions based on prior art. *See e.g. Progressive Cas. Ins. Co. v. Safeco Ins. Co.,* No. 1:10 CV 1370, 2010 WL 4699870, at *4 (N.D. Ohio Nov. 12, 2010). Finally, regardless of the outcome of the reexamination, the court will nevertheless have the benefit of the USPTO's expertise, analysis of the '691 patent claims, and evaluation of the relevant prior art. *See Ethicon,* 849 F.2d at 1428; *see Gould,* 705 F.2d at 1342. Indeed, the patent reexamination procedure was intended to provide federal courts with the benefit of the USPTO's expertise. *Id.* Accordingly, the court finds that, despite the possibility that Nutra Luxe may have a "second bite" with regard to some patent invalidity arguments, the simplification factor still weighs in favor of granting a stay.

**B. Stage of Litigation**

Although the parties have engaged in limited discovery, the court nevertheless finds that the relatively early stage of the litigation also weighs in favor of granting the stay. Discovery is far from complete. Indeed, the parties have not even scheduled, let

---

*VData, LLC v. Aetna, Inc.,* No. 06-1701 JNE/SRN, 2006 WL 3392889, at *5 (D. Minn. Nov. 21, 2006).

ORDER- 8

alone taken, any depositions.  The claim construction hearing has not yet taken place, and the parties have not yet submitted claim construction briefs.  The trial is not scheduled until mid-October 2011.  Neither the parties, nor the court, have invested the kind of resources that would render a stay pending reexamination untenable.  To the contrary, the fact that substantial additional discovery, claim construction, and other issues lie ahead in this case weighs in favor of a stay.

### C.  Prejudice to the Non-Moving Party

PBL asserts that it will suffer prejudice due to the length of time it takes for a patent to wind its way through the reexamination process.  (Resp. at 8-9.)  There is no doubt that if the stay is granted, delay will result.  PBL asserts that, based on the USPTO's own report, it takes an average of more than two years for a patent reexamination to be completed.  (*Id.* at 8.)  Courts have repeatedly held that the delay inherent in the reexamination process does not, by itself, constitute undue prejudice.  *See Implicit Networks,* 2009 WL 357902, at *3 (citing cases).  In any event, the USPTO order granting reexamination of the '691 patent stated that the reexamination "will be conducted with special dispatch." (Mot. at 11.)  "[T]he [US]PTO has interpreted special dispatch to require that 'reexamination proceedings will be "special" throughout their pendency' in the office, and provides for an accelerated schedule." *Ethicon,* 849 F.2d at 1426 (citing MPEP § 2261).  Moreover, USPTO rules require that reexamination of patents involved in litigation "will have priority over all other cases."  (Mot. at 11 (citing MPEP § 2261).)   In addition, if the present litigation is stayed pending reexamination, the USPTO will further expedite the procedure.  *See Roblor Mktg. Group, Inc. v. GPS*

ORDER- 9

1  *Indus., Inc.,* 633 F. Supp. 2d 1341, 1348 (S.D. Fla. 2008) (citing MPEP § 2261 and
2  MPEP § 2686.04). Thus, it does not appear that the average length of time for
3  reexamination, relied upon by PBL as evidence of prejudice, is necessarily applicable
4  here.
5        PBL asserts that because Nutra Luxe is its direct competitor in the market place, a
6  stay is more likely to unduly prejudice PBL. (Resp. at 7.) PBL argues that Nutra Luxe is
7  not only infringing on its patent, but simultaneously undercutting PBL's prices, creating a
8  serious threat of both lost market share and price erosion that is not fully remediable with
9  money damages. (*Id.* at 7-8.) However, PBL has not sought any form of preliminary
10 injunctive relief in this action, which undermines its position and suggests that a stay
11 would not be unduly prejudicial. *See Insituform Techs., Inc. v. Liqui-Force Servs. (USA),*
12 *Inc.,* No. 08-11916, 2009 WL 1469660, at *2 (E.D. Mich. May 26, 2009) (plaintiff's
13 failure to move for temporary restraining order or preliminary injunction was a factor in
14 court's finding that a stay pending patent reexamination would not be unduly prejudicial)
15 (citing cases)).
16       Finally, the court rejects PBL's assertions that Nutra Luxe delayed in filing its
17 request for reexamination as a dilatory tactic in this litigation, or to gain a strategic
18 advantage. Nutra Luxe was not served with this lawsuit until March 11, 2010. It filed its
19 first application for reexamination on August 4, 2010. Although the USPTO rejected this
20 initial application as noncompliant with certain regulations, it nevertheless invited Nutra
21 Luxe Nutra Luxe filed a new and complete request for reexamination. (Johnson Decl. at
22 ¶ 5,) Nutra Luxe filed its renewed application for reexamination on November 19, 2010.

ORDER- 10

Nutra Luxe filed the present motion for a stay on October 29, 2010 – nearly a year prior to the schedule trial date in this matter. While the defective nature of Nutra Luxe's first reexamination application is unfortunate, the court does not find Nutra Luxe's efforts to be dilatory in nature or designed to gain a strategic advantage over PBL. Thus, the court finds that PBL is not likely to suffer any undue prejudice if the court were to enter a stay pending the outcome of the reexamination.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS Nutra Luxe's motion for a stay of these proceedings pending reexamination of the '691 patent (Dkt. # 29). It is hereby ORDERED: (1) all proceedings in this action are STAYED until ordered otherwise; and (2) within six months of the date of this order or within twenty days following the conclusion of the USPTO reexamination of the '691 patent, whichever is sooner, the parties shall file a joint status report describing the status of the case, and if warranted, requesting that the court lift the stay.

Dated this 9th day of January, 2011.

JAMES L. ROBART
United States District Judge